IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 5, 2019

**EDWARD LEE HOOD, JR. v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
**No. 08059-3  Kyle Atkins, Judge**

_____

**No. W2019-00598-CCA-R3-ECN**

_____

The Petitioner, Edward Lee Hood, Jr., appeals the coram nobis court's dismissal of his petition for writ of error coram nobis in which he challenged his 2009 convictions of two counts of rape of a child and two counts of incest.  After a review of the record and applicable law, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Edward Lee Hood, Jr., Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The Petitioner was convicted of two counts of rape of a child and two counts of incest for crimes committed against his eleven-year-old daughter and received a forty-eight-year effective sentence.  The judgments were entered on May 14, 2009.  This court affirmed the Petitioner's convictions on direct appeal.  *See State v. Edward L. Hood, Jr.*, No. W2009-02501-CCA-R3-CD, 2010 WL 5054422, at *1 (Tenn. Crim. App. Dec. 6, 2010), *perm. app. denied* (Tenn. Apr. 14, 2011).  In 2014, the Petitioner filed an untimely

petition for post-conviction relief, which the post-conviction court denied, and this court affirmed the denial of the petition. *See Edward Hood, Jr.*, No. W2016-01998-CCA-R3-PC, 2017 WL 2482991, at \*7 (Tenn. Crim. App. June 7, 2017), *perm. app. denied*. (Tenn. Oct. 4, 2017).

On February 2, 2017, the Petitioner filed a pro se petition for writ of error coram nobis alleging that he had newly discovered evidence, an undated note signed by the victim's sister, whose testimony had been excluded from trial based on competence to testify, that he alleged proved his innocence, and he asserted that he was entitled to a new trial based on this note. *See Edward Hood, II v. State*, No. W2017-00934-CCA-R3-ECN, 2018 WL 2149216, at \*3 (Tenn. Crim. App. May 9, 2018), *no perm. app. filed*. The coram nobis court summarily dismissed that petition for writ of error coram nobis, and this court affirmed the coram nobis court's summary dismissal. *Id.* at \*5.

On January 9, 2019, the Petitioner filed a second pro se petition for writ of error coram nobis. He asserted that he received his first copy of the trial transcript on November 18, 2018, and noticed that "the Transcript was missing vital testimony as well as witnesses [who] took the stand in said Trial." The Petitioner attached his affidavit to the motion. He did not name the witnesses whose testimony was missing but described the witnesses as follows: 1) a female employee from the Department of Children's Services; 3) a female employee of the Carl Perkins Center; and 3) a female employee of Quinco Professional Counseling Services. The Petitioner argued that the missing testimony of the witnesses from the transcript constituted newly discovery evidence.

The State filed a response, asserting that the petition was untimely and that the Petitioner failed to demonstrate that he was entitled to equitable tolling. The State noted that the Petitioner was represented by counsel on appeal and that counsel should have discovered any missing testimony. The State asserts that the Petitioner's claim that the trial transcript is missing the testimony of three witnesses does not constitute new evidence of actual innocence because if true, the testimony was still heard by the jury in rendering its verdict.

The coram nobis court entered an order summarily denying the Petitioner relief. The court found that the petition was time-barred and did not include facts establishing that the statute of limitations should be tolled. The Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner acknowledges that he did not file his petition for writ of error coram nobis within the statute of limitations. However, he asserts that he is entitled to relief due to newly discovered evidence and that the statute of limitations should be

tolled. The State responds that the Petitioner's petition is untimely and that the Petitioner has failed to establish that the statute of limitations should be tolled.

The petition for writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were not litigated at trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial." T.C.A. § 40-26-105(b). To obtain coram nobis relief, the petitioner must prove "(1) that he or she was reasonably diligent in seeking the evidence; (2) that the evidence is material; and (3) that the evidence is likely to change the result of the trial." *State v. Hall*, 461 S.W.3d 469, 495 (Tenn. 2015). "Newly discovered evidence that is merely cumulative or serves no other purpose than to contradict or impeach does not warrant coram nobis relief." *Id.* (internal quotations omitted). The coram nobis court should consider both the evidence at trial and the evidence presented at the coram nobis proceeding in determining "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *State v. Vasques*, 221 S.W.3d 514, 526-27 (Tenn. 2007). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the coram nobis court. *Hall*, 461 S.W.3d at 496.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Timely filing is an essential element of a coram nobis petition, and the State is not required to raise the statute of limitations as an affirmative defense. *Nunley v. State*, 552 S.W.3d 800, 828 (Tenn. 2018). However, "[t]o accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." *Id.* at 828-29. "'[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001) (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). Whether a petitioner is entitled to due process tolling of the statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Nunley*, 552 S.W.3d at 830 (citation omitted).

The judgments were entered in May of 2009, and the Petitioner did not file his petition for writ of error coram nobis until January of 2019, more than eight years after the statute of limitations had expired. The Petitioner asserts that he first learned that testimony was missing from the trial transcript on November 14, 2018, after filing a petition for writ of habeas corpus in federal district court. However, the Petitioner, through counsel, had access to the trial transcript during the direct appeal of the Petitioner's convictions and did not make any claim on direct appeal that the transcript was incomplete. Furthermore, the Petitioner acknowledges that these witnesses testified at trial. Thus, their testimony was subject to cross-examination and the scrutiny of the jury and the trial court. *See* T.C.A. § 40-26-105(b) ("[A] writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.") Finally, the Petitioner failed to state what the testimony included or how such testimony would serve as a basis for reversal in this court. Accordingly, we conclude that the coram nobis court properly denied the Petitioner's petition, and we affirm the judgment of the coram nobis court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 4 -